UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.                                      **MEMORANDUM OF LAW & ORDER**
                                        Criminal File No. 11-280 (MJD/SER)

(12) TODD ALLEN MUDGETT,

Defendant.

Joseph H. Thompson, Assistant United States Attorney, Counsel for Plaintiff.

Todd Allen Mudgett, pro se.

## I.   INTRODUCTION

This matter is before the Court on Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) – Guideline Amendment No. 794.  [Docket No. 939]

## II.  BACKGROUND

On March 14, 2012, Defendant Todd Allen Mudgett pled guilty to Count 1 of the Indictment, Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine and 100 Kilograms of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846.  In May 2013, the

Court sentenced Defendant to 168 months in prison. [Docket Nos. 833-34] Defendant did not appeal his sentence.

In July 2016, Defendant filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) – Amendment 782 [Docket No. 935], based on the retroactive amendment to the United States Sentencing Guidelines lowering the drug quantity base offense levels under U.S.S.G. § 2D1.1(c). The Court denied his motion because Defendant was already sentenced to the bottom of the amended Guideline range and, thus, was not eligible for a sentence reduction. [Docket No. 937]

On February 13, 2017, Defendant filed the current Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) – Guideline Amendment No. 794. [Docket No. 939] Defendant asserts that he was a "minimal participant" based on U.S.S.G. § 3B1.2's revised commentary text and, therefore, is entitled to a 4-level reduction.

## III. DISCUSSION

This Court does not have jurisdiction to modify a term of imprisonment once it has been imposed except 1) upon a motion from the Director of the Bureau of Prisons based on extraordinary and compelling circumstances or the defendant's advanced age; 2) to the extent expressly authorized by statute or by

2

Federal Rule of Criminal Procedure 35; or 3) if a defendant was sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission and designated to apply retroactively. 18 U.S.C. § 3582(c). See also United States v. Auman, 8 F.3d 1268, 1270-72 (8th Cir. 1993). In this case, there is no motion from the Director of the Bureau of Prisons; no statute authorizes modification of Defendant's sentence; and Rule 35, which permits correction of an error within 14 days of sentencing and reduction based on substantial assistance to the Government, does not apply.

> A district court may reduce a previously imposed prison term if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has authorized a § 3582(c)(2) reduction if a guidelines amendment that it has declared retroactive lowers the defendant's "applicable guidelines range." U.S.S.G. § 1B1.10(a)(2). In resentencing, the district court shall substitute the amended Guidelines range for the initial range, and shall leave all other guideline application decisions unaffected.

United States v. Thomas, 775 F.3d 982, 982 (8th Cir. 2014) (citation omitted). "Courts generally may not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range produced by the substitution [of the retroactive amendment]."

3

Dillon v. United States, 560 U.S. 817, 827 (2010) (citation omitted).

A sentence reduction "is not consistent with [§ 1B1.10] and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A). Amendment 794 is not listed under subsection (d). Id. Thus, Amendment 794 is not retroactive. See, e.g., United States v. Hassan, Criminal No. 10-187 (2) (MJD), 2017 WL 129996, at *1 (D. Minn. Jan. 12, 2017). United States v. Quintero-Leyva, upon which Defendant relies, held that Amendment 794 applied "retroactively to direct appeals." 823 F.3d 519, 523 (9th Cir. 2016). Defendant's case is not on direct appeal.

The Court concludes that it is without jurisdiction to reduce Defendant's sentence. As the Court previously held, while Amendment 782 is retroactive, Defendant was already sentenced at the bottom of the amended Guideline range, so modification is not permitted under Amendment 782. Amendment 794 is not retroactive on collateral review.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) – Guideline Amendment No. 794 [Docket No. 939] is **DENIED**.


Dated:   April 26, 2017             s/ Michael J. Davis
                                    Michael J. Davis
                                    United States District Court